Steven J. Nataupsky (CA SBN 155913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (CA SBN 156511)
lynda.zadrasymes@knobbe.com
Jason A. Champion (CA SBN 259207)
jason.champion@knobbe.com
Nicole Rossi Townes (CA SBN 272342)
nicole.townes@knobbe.com
Jacob R. Rosenbaum (CA SBN 313190)
jacob.rosenbaum@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
MONSTER ENERGY COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM MARTIN, an individual, MONSTER SEAL LLC, a Montana Limited Liability Company, and MONSTER SEAL LLC, a Wyoming Limited Liability Company.<br><br>Defendants. | Case No.  5:17-CV-1677<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, PETITION FOR CANCELLATION, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Monster Energy Company ("Plaintiff" or "Monster") hereby complains of Defendants William Martin d/b/a Tiretyte International and Monster Seal LLC ("Defendants"), and alleges as follows:

## I. JURISDICTION AND VENUE

1.    This is an action for 1) trademark infringement, trade dress infringement, and false designation of origin under 15 U.S.C. § 1125(a), 2) trademark infringement under 15 U.S.C. § 1114, 3) petition for cancellation of U.S. Trademark Registration Nos. 4,109,652, 4,258,301, and 4,206,910 under 15 U.S.C. § 1119, 4) California common-law unfair competition, and 5) unfair competition arising under California Business & Professions Code §§ 17200 *et seq*.

2.    The Court has original subject matter jurisdiction over the claims that relate to trademark infringement, trade dress infringement, false designation of origin, and cancellation of U.S. trademark registrations pursuant to 15 U.S.C. §§ 1116, 1119 and 1121(a) and also pursuant to 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States.    The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.    This Court has personal jurisdiction over Defendants because Defendants have a continuous, systematic, and substantial presence within this Judicial District and within California.    Defendants' offices are located at 2140 Bering Drive, San Jose, CA 95131, and 66 East Santa Clara St., San Jose, CA 95113.    Defendants' business addresses can be found on Defendants' websites at http://www.monsterseal.com/http___monsterseal.com.html/Contact_Us.html, and

http://tiretyte.com/TIRETYTE_TIRE_SEALANT_Prevent_Repair_Flat_Tire_Tyre/Contact.html.  Defendants sell, advertise, market and promote their products in California, including in this Judicial District.  For example, Defendants have partnered with several retailers for sales of their products in this Judicial District.  In addition, by committing acts of trademark infringement, trade dress infringement, false designation of origin, and unfair competition in this Judicial District, including, but not limited to, using infringing marks in connection with the sale of products to customers in this Judicial District, Defendants' acts form a substantial part of the events or omissions giving rise to Monster's claims.

4.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) at least because Defendants reside in this Judicial District by virtue of doing business within the Judicial District and a substantial portion of the events complained of herein took place in this Judicial District.

## II.  THE PARTIES

5.      Monster is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1 Monster Way, Corona, California 92879.

6.      Upon information and belief, Defendant Monster Seal LLC is a limited liability company organized and existing under the laws of the State of Montana, having a principal place of business at 2140 Bering Drive, San Jose, California 95131.

7.      Upon information and belief, Defendant Monster Seal LLC is a limited liability company organized and existing under the laws of the State of Wyoming, having a principal place of business at 2140 Bering Drive, San Jose, California 95131

8.      Upon information and belief, Defendant William Martin is an individual doing business as Tiretyte International and with a business address of 2140 Bering Drive, San Jose, California 95131.

-2-

## III.  COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

### A.  Monster and Its Trademarks and Trade Dress

9.  Monster is a nationwide leader in the business of developing, marketing, selling, and distributing beverages.  Monster has achieved extensive exposure and widespread recognition of its MONSTER™ brand including its UNLEASH THE BEAST!® Mark through its sponsorship of motorsports athletes, teams and events, among other sponsorships.

10.  In 2002, long before Defendants' acts described herein, Monster launched its MONSTER ENERGY® drink brand, bearing its now-famous MONSTER, MONSTER ENERGY®, and UNLEASH THE BEAST!® marks.

11.  Monster's successful line of MONSTER drinks has grown to include numerous other well-known products, the containers and packaging of which are all prominently marked with the MONSTER mark and many of which are marked with the UNLEASH THE BEAST!® Mark or other marks which incorporate a "BEAST" element.  The MONSTER line of drinks includes or has included, but is not limited to, original Monster Energy® and Lo-Carb Monster Energy®; Monster Assault®; Juice Monster® Khaos®, Juice Monster® Ripper®, and Juice Monster® Pipeline Punch®; Ubermonster®; Monster Energy® Gronk; Monster Energy® Import; Punch Monster® Baller's Blend and Punch Monster® Mad Dog; Monster Energy Absolutely Zero®; Monster Energy Zero Ultra®, Monster Energy Ultra Blue®, Monster Energy Ultra Red®, Monster Energy Ultra Sunrise®, Monster Energy Ultra Citron®, and Monster Energy Ultra Black®; Monster Rehab®, which is a line of tea-based non-carbonated energy drinks, which includes Monster's Monster Rehab® Tea + Orangeade + Energy, Monster Rehab® Tea + Pink Lemonade + Energy, Monster Rehab® Tea + Lemonade + Energy, Monster Rehab® Raspberry Tea + Energy, and Monster Rehab® Peach Tea + Energy; Java Monster®, which is a line of dairy based coffee plus energy drinks; Muscle Monster®, which is a line of energy shakes;

Monster Energy Extra Strength Nitrous Technology®, which is a line of energy drinks with a blend of nitrous oxide and carbon dioxide to create a smoother energy drink; Monster Hydro, which is a line of sweetened water drinks and 🐾® Monster Energy® which is a five ounce concentrated energy drink, among others (referred to collectively as "MONSTER line of drinks").

12.    In addition to its continued use of the UNLEASH THE BEAST!® Mark since 2002 in connection with its MONSTER ENERGY® brand, Monster also uses its PUMP UP THE BEAST!®, REHAB THE BEAST!®, REHAB THE BEAST! WWW.MONSTERENERGY.COM®, UNLEASH THE NITRO BEAST!®, UNLEASH THE ULTRA BEAST!®, and UNLEASH THE CAFFEINE FREE BEAST!® marks on its products (collectively, the "BEAST-inclusive Marks").  Shown below are true and accurate representative pictures illustrating just a few examples of Monster's point of sale materials bearing Monster's UNLEASH THE BEAST!® Mark:









13.    In 2002 and 2003 Monster filed numerous U.S. Trademark Registrations for its MONSTER Marks in connection with beverages and nutritional supplements, including, but not limited to, U.S. Trademark Registration Nos. 3,044,315 for the MONSTER ENERGY® mark, 3,057,061 for the MONSTER ENERGY® mark, 3,044,314 for the M MONSTER ENERGY® mark, and 3,134,842 for the M MONSTER ENERGY® mark.

14.    In addition to its numerous U.S. Trademark Registrations for beverages and nutritional supplements, Monster is also the owner of numerous trademark registrations for marks that incorporate its famous MONSTER Mark

and/or MONSTER ENERGY® Mark and UNLEASH THE BEAST!® Mark, for use in connection with clothing, sporting goods, promoting goods and services in the motorsports industry, and other products and services, including the following U.S. Trademark Registrations:

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| MONSTER ENERGY | 4,721,433 | Promoting goods and services in the sports, motorsports, electronic sports, and music industries through the distribution of printed, audio and visual promotional materials; promoting sports and music events and competitions for others | 03/12/2014 | 04/14/2015 |
|  | 3,908,601 | Clothing, namely, t-shirts, hooded shirts and hooded sweatshirts, sweat shirts, jackets, pants, bandanas, sweat bands and gloves; headgear, namely, hats and beanies | 04/02/2009 | 01/18/2011 |
|  | 3,914,828 | Sports helmets | 04/02/2009 | 02/01/2011 |
|  | 3,923,683 | All purpose sport bags; All-purpose carrying bags; Backpacks; Duffle bags | 04/02/2009 | 02/22/2011 |
|  | 3,908,600 | Stickers; sticker kits comprising stickers and decals; decals | 04/02/2009 | 01/18/2011 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|------|----------|----------------|------------|-----------|
| MONSTER ENERGY | 4,332,062 | Silicone wrist bands; silicone bracelets; jewelry, namely, bracelets and wristbands | 10/05/2012 | 05/07/2013 |
| MONSTER ENERGY | 4,660,598 | Lanyards; Lanyards for holding whistles, keys, eyeglasses, sunglasses, mobile telephones, badges, identification cards, event passes, media passes, photographs, recording equipment, or similar conveniences | 08/26/2013 | 12/23/2014 |
| UNLEASH THE BEAST! | 4,975,822 | Clothing, namely, tops, shirts, long-sleeved shirts, t-shirts, hooded shirts and hooded sweatshirts, sweat shirts, jackets, pants, bandanas, socks, sweat bands and gloves; headgear, namely, hats and beanies | 03/07/2014 | 06/14/2016 |

15.    Attached hereto as Exhibits A1-A8 are true and correct copies of Monster's trademark registrations identified in Paragraph 14 of this Complaint, which are hereby incorporated by reference.  Collectively, those registrations and trademarks incorporating a "MONSTER" element, including all common law rights therein, are referred to as the "MONSTER Marks."

16.    Pursuant to 15 U.S.C. § 1065, U.S. Trademark Registration Nos. 3,908,600 and 3,908,601 are incontestable.

17.    In addition, since 2002, Monster has consistently used a distinctive trade dress for its packaging and promotional materials, including a stylized font for the mark MONSTER on a dark background, a bright contrasting accent color, including bright green, and an overall aggressive, edgy theme, as shown

1

below (the "MONSTER Trade Dress"):

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28







18.    Long before Defendants' acts described herein, Monster has used or licensed the use of its MONSTER Marks and/or MONSTER Trade Dress in connection with products used in connection with or associated with motorized vehicles and motorsports, such as automotive wheels, replica cars, remote control cars, graphic kits for motorized vehicles, trailer hitch covers, tool boxes, clothing, gloves, stickers, sports helmets, bags, backpacks, and other related accessories.    True and correct examples of authorized products bearing Monster's MONSTER Marks are shown below:





19.   Monster's MONSTER Marks, MONSTER Trade Dress, and UNLEASH THE BEAST!® Mark were also marketed and promoted while prominently displayed on the Las Vegas monorail (the "Monster Train").   An image of the Monster Train is shown below:



In 2003, Monster engaged in a massive advertising campaign in connection with its sponsorship of the Monster Train, which prominently featured the MONSTER Mark, MONSTER Trade Dress, and UNLEASH THE BEAST!® Mark.   The Monster Train was featured in The Wall Street Journal, Time and

USA Today in 2003, and these articles were read by an estimated 32 million people in the U.S.  In addition, television and Internet reports that discussed the Las Vegas Monster Train reached another 70 million readers, and television and radio promotions were circulated to approximately 36 million people in the U.S.

20.    In addition, Monster has used, and continues to use, its MONSTER Marks, UNLEASH THE BEAST!® Mark and/or MONSTER Trade Dress in connection with apparel and accessories, including, for example, t-shirts, hooded shirts, hooded sweatshirts, sweatshirts, jackets, pants, bandanas, sweat bands, gloves, headgear, stickers, and decals.  True and correct examples of authorized apparel bearing Monster's MONSTER Marks, UNLEASH THE BEAST!® Mark and/or MONSTER Trade Dress are shown below:









21.    Monster's MONSTER Marks, MONSTER Trade Dress, and UNLEASH THE BEAST!® Mark are the subject of substantial and continuous marketing and promotion by Monster.  Since 2002, Monster has spent over $4.3 billion dollars in advertising, promoting, and marketing its MONSTER brand, MONSTER Trade Dress, and UNLEASH THE BEAST!® Mark.  In 2016 alone, Monster spent $467 million dollars in advertising, promoting, and marketing its brand, marks, and trade dress.

22.    Monster has and continues to widely market and promote its MONSTER Marks, MONSTER Trade Dress, and UNLEASH THE BEAST!® Mark by displaying the marks and trade dress on billions of cans of its MONSTER drinks sold in the U.S.  Monster's promotional efforts also include – by way of example but not limitation – sponsorship of athletes, athletic teams, athletic competitions, concerts and live events around the world, widespread distribution of promotional and point of sale materials, product samplings, apparel and merchandise bearing the MONSTER Marks, MONSTER Trade Dress, and/or UNLEASH THE BEAST!® Mark, promotion in magazines and other industry publications, promotion on the MONSTER ENERGY® website

and other Internet websites, and attendance at trade shows. Virtually every marketing and promotional item uses the colors black and green.

23.    Monster has an established and versatile history in motorsports. A major part of Monster's brand promotion focuses on racing and motorsports. Monster sponsors or has sponsored a wide variety of motorsport athletes, teams, and/or activities, including, but not limited to, NASCAR, Formula 1, MotoGP, Moto2, Supercross, motocross, MXGP, MX2, SCORE International Off-Road Racing events including the Baja 500 and Baja 1000, the Ultra4 Rock Racing series including the King of the Hammers desert racing event, the UTV World Championships, drag racing, drifting, flat track, off road, rock racing, UTV racing, Buggy racing, rally, rallycross, snowmobile, speedway, stunt, superbike, and freestyle motocross.

24.    Since at least as early as 2003, Monster has sponsored athletes, and/or events in the SCORE International Off-Road Racing Series. As a sponsor of the SCORE International Off-Road Racing Series, Monster's MONSTER Marks, MONSTER Trade Dress, and UNLEASH THE BEAST!® Mark are prominently displayed on banners, beverage cans, tents, and motor vehicles at the event. Monster's MONSTER Marks are also prominently displayed in the logo for SCORE International events, such as the BAJA 500, BAJA 1000, and SAN FELIPE 250, and TIJUANA SCORE DESERT CHALLENGE.

25.    On January 1, 2017, Monster became the title sponsor of NASCAR's premier series (formerly called the NASCAR Sprint Cup Series), which will now be called the Monster Energy® NASCAR Cup Series. Monster also became the official energy drink of NASCAR. NASCAR is the second most watched sport in the U.S., with over 5 million fans watching each of the 41 races. Below is the logo for the Monster Energy® NASCAR Cup Series:



26.     Monster also has sponsored and continues to sponsor numerous athletes that compete in various classes of NASCAR racing.  For example, in 2011, Monster began its sponsorship of NASCAR driver Kyle Busch, who holds several records in NASCAR racing and won the prestigious 2015 Sprint Cup Series, the top racing series of NASCAR.  In 2015 Kyle Busch earned his 75th Xfinity Series win at Kansas Speedway racing for Joe Gibbs Racing in the No. 54 MONSTER ENERGY® Toyota Camry.   In 2012, Monster added sponsorship of Kyle's older brother, Kurt Busch, who is also a NASCAR driver and winner of the 2010 All-Star Race and the 2004 Sprint Cup.  Monster also sponsors the Stewart Haas Racing team with its current driver Kurt Busch who drives the #41 Monster Energy/HAAS Automation Chevy.  The drivers' car prominently display the MONSTER Marks and MONSTER Trade Dress as shown, for example, below:



27.    Monster also has been a long-time sponsor of Ricky Carmichael who transitioned from one of the world's greatest Supercross and Motocross racers to a NASCAR truck driver.  Carmichael prominently promotes Monster's MONSTER Marks and MONSTER Trade Dress.  An example of Monster's sponsorship of Carmichael is shown below:



28.    Monster also sponsors or has sponsored athletes and teams who compete in other truck and car racing events, including, but not limited to, the SCORE International Off-Road Racing Series, including the BAJA 500 and BAJA 1000, the Ultra4 Rock Racing series including the King of the Hammers desert racing event, the Off-Road Championship event ("TORC"), The Best In the Desert ("BITD") racing series, including, but not limited to, the MINT 400, and the UTV World Championships.  Monster sponsors or has sponsored the following teams that compete in truck and car racing events: the Terrible Herbst Motorsports Team, Desert Assassins, AUX Racing, Camburg Racing, Duc Innovations, the Stewart Haas racing team, the Mercedes AMG PETRONAS F1 Racing Team (formerly named the Mercedes GP Petronas Formula One Team) that competes in the FIA Formula One World Championship Series with its current team drivers 3-time Formula One World Champion, Lewis Hamilton

and Valterri Bottas and former drivers Nico Rosberg and Michael Schumacher, the Holden Racing Team, and the MONSTER ENERGY® X-Raid racing team. Together, Lewis Hamilton and Nico Rosberg won 19 of the 21 FIA Formula One races in 2016.   In addition, the Monster-sponsored Mercedes AMG PETRONAS F1 Racing Team previously included seven-time World Champion Michael Schumacher before Schumacher's retirement in 2012.   Some examples of Monster's sponsorships of athletes and teams who compete or have competed in car and truck racing events are shown below:



29.   In addition, Monster recently announced a global partnership with Lewis Hamilton, which is separate and in addition to Monster's sponsorship of the Mercedes AMG PETRONAS F1 Racing Team.   As part of the global partnership, Monster and Lewis Hamilton have created and released a signature drink together.

30.   Further, Monster or its sponsored athletes or teams frequently set up Monster Energy® tents at events it attends bearing the MONSTER Marks and MONSTER Trade Dress.   For example, Monster sponsored athletes and teams set up tents bearing the MONSTER Marks and MONSTER Trade Dress on

contingency road at BITD racing events such as the Mint 400.  An example of Monster's MONSTER Marks and MONSTER Trade Dress being displayed at the Mint 400 is shown below:



31.    In addition to sponsoring events, Monster hosts or co-hosts promotional parties at motorsports-related events, including parties that are co-sponsored with companies such as DUB, BF Goodrich, KMC Wheels, and Method Race Wheels.  Monster has hosted or co-hosted parties for multiple years at highly attended events such as the Baja 1000 and SEMA.

32.    Monster also uses the MONSTER Marks and MONSTER Trade Dress in videos of its sponsored athletes.  These videos are released in conjunction with co-sponsors or by Monster individually.  For example, Monster co-sponsored BJ Baldwin's Recoil series of Off-Road Racing videos with Toyo Tires.

33.    Monster also frequently has consumer promotions and point of sale displays that feature promotional vehicles such as ATVs, jet skis, and motorcycles that bear its MONSTER Marks.  The MONSTER Marks have been featured on various other motor vehicles such as helicopters, motorboats, vans,

trailers, tour buses, semi-trucks, UTVs, ATVs, motorhomes, RVs, and the Gronk Bus.

34.    Monster also has and continues to widely market and promote its MONSTER Marks and MONSTER Trade Dress in connection with motorcycle racing events.  For example, Monster sponsors or has sponsored the following motorcycle racing events: MotoGP motorcycle racing events (16-18 around the world per year including 2-3 in the United States), the Outdoor National Motocross Series, the X Games, the MONSTER ENERGY® AMA Supercross Series (as the title sponsor for 16 of the 17 series races each year since 2008), the MONSTER ENERGY® Speedway World Championship, Arenacross events, MX1 and MX2 FIM Motocross World Championships, the Motocross of Nations, the MX3 FIM Motocross World Championship, and the FIM MX Junior World Championship, among others.  Monster also sponsors teams that compete in motorcycle racing events including, for example, the ProCircuit Kawasaki Motocross/Supercross Team, the MONSTER ENERGY® Kawasaki Factory Team, the Yamaha Factory MotoGP Team with its renowned racers Valentino Rossi (nine-time Grand Prix World Champion, with seven championships in the premier class) and Jorge Lorenzo (five-time Grand Prix World Champion, with two championships in the premier class), the MONSTER ENERGY® Yamaha Tech 3 MotoGP Team, the Yamaha MX1 Team, the Yamaha MX2 Team, and Team Babbitt's/Monster Energy/AMSOIL/Kawaski Arenacross.    Some examples of Monster's sponsorship of these events and teams are shown, for example, below:






35.    Monster sponsored athletes compete or have competed in Professional Bull Riding, the Kentucky Derby, Ultimate Fighting Championship ("UFC"), and the National Football League.    Specifically, Monster has sponsored Victor Espinoza and American Pharoah, who won the American Triple Crown and the Breeder's Cup Classic in 2015.    Monster also sponsors Rob Gronkowski, a professional football player who plays for the NFL's New England Patriots.    In 2011, Gronkowski set NFL single-season records for touchdowns and receiving yards by a tight end and became the first tight end in NFL history to lead the conference in scoring.    Additionally, Monster sponsors Daniel Cormier, former light heavyweight champion in the UFC, Ronda Rousey, former UFC women's bantamweight champion and Connor McGregor, featherweight champion in the UFC.

/ / /

36.     Monster began sponsoring Tiger Woods in 2016.  Tiger Woods is one of the most successful and famous golfers in the world.  In his storied career, Woods has won fourteen major championships, including the prestigious Masters Tournament, the U.S. Open, The British Open Championship, and the PGA Championship.

37.     When competing, at public appearances, or both, the sponsored athletes and team members almost always wear clothing or use equipment that prominently display one or more of the MONSTER Marks and/or the MONSTER Trade Dress.  The sponsored athletes and team members are also frequently shown drinking MONSTER drinks, the majority of which bear at least one of the BEAST-inclusive Marks.  The MONSTER Marks and MONSTER Trade Dress are prominently displayed at the event venues, as well as on the clothing, helmets, and/or bikes, trucks or cars of riders or teams sponsored by Monster.  Through Monster's sponsorships, millions of consumers have been exposed to the MONSTER Marks, MONSTER Trade Dress, and UNLEASH THE BEAST!® Mark when they watch the athletes and teams compete at events—many of which are televised nationwide—or see the athletes at public appearances or in Internet postings and magazines.

38.     Monster also promotes the activities of its Monster sponsored athletes and team members on its various social media accounts, including but not limited to, its Facebook page, Twitter account, and Instagram account, using the hashtag #UNLEASHTHEBEAST!.

39.     In addition to sponsoring professional athletes and teams, since at least 2004, Monster uses the mark MONSTER ARMY™ in connection with an amateur athlete development program.  More than 376,000 amateur athletes in various sports have applied to be accepted as part of the Monster Army through the Monster Army website <www.monsterarmy.com>.  Shown below are true and accurate representative pictures illustrating Monster's use of its MONSTER

ARMY™ mark:



40.    Monster supports members of the MONSTER ARMY™ in many different ways, but such support often includes assistance with clothing, gear, training, and travel.  Members of the MONSTER ARMY™ also typically wear MONSTER branded clothing and gear which prominently display one or more of the MONSTER Marks and/or the MONSTER Trade Dress.  Monster also provides athletes with hats, t-shirts, stickers, and/or embroidered patches

bearing the MONSTER Marks and the MONSTER Trade Dress. The athletes will wear or apply these items to their sports equipment and gear in order to promote the MONSTER brand of products during competition.

41. Monster's MONSTER line of drinks has achieved substantial commercial success. Worldwide retail sales now exceed 3 billion cans per year, with estimated retail sales at approximately $6 billion per year worldwide. Monster's MONSTER brand has established itself as the best-selling energy drink brand in the United States by unit volume and dollar value. While Monster continues to expand its successful MONSTER line of drinks, Monster's best-selling drink is still the original Monster Energy®, which prominently features the UNLEASH THE BEAST!® Mark and the colors green and black.

42. As a result of Monster's substantial use and promotion of its MONSTER Marks, MONSTER Trade Dress, and UNLEASH THE BEAST!® Mark, the marks and trade dress have acquired great value as specific identifiers of Monster's products and services and serve to identify and distinguish Monster's MONSTER products and services from those of others. Customers in this Judicial District and elsewhere readily recognize Monster's MONSTER Marks, MONSTER Trade Dress, and UNLEASH THE BEAST!® Mark as distinctive designations of the origin of Monster's MONSTER and MONSTER ENERGY® brand of products, services and promotional items. The MONSTER Marks, MONSTER Trade Dress, and UNLEASH THE BEAST!® Mark are intellectual property assets of enormous value as symbols of Monster and its quality products, services, reputation, and goodwill.

**B.    Defendants' Infringing Activities**

43. Defendants are engaged in the business of producing, distributing, marketing, and/or selling tire sealant. Defendants also own and operate the websites    http://monsterseal.com/http___monsterseal.com.html/Monster_Seal_

Tire_Sealant_Prevents_and_Repairs_Flat_Tires,_tyre_sealant.html    and
http://tiretyte.com/TIRETYTE_TIRE_SEALANT_Prevent_Repair_Flat_Tire_T
yre/Home_-_Tiretyte_Tire_Sealant_Prevent_and_Repair_Flat_Tires.html    and
maintain the Facebook account https://www.facebook.com/MonsterSeal/,
Instagram account https://www.instagram.com/monster_seal/?hl=en, and
YouTube page https://www.youtube.com/channel/UCfEsRqK_a4P4BT8iqCMH
kmg.

44.    In 2007, Defendants' logo originally featured the color red, as
shown below.





Defendants have shifted their promotion and marketing over time in an attempt
to trade off Monster's goodwill.  Several years later Defendants began using the
color combination green and black in connection with their MONSTER SEAL
brand.    Around that same time Defendants also began using the mark
UNLEASH THE BEAST in connection with their MONSTER branded
products.  Also around this same time Defendants began sponsoring participants

in motorsports events that were either sponsored by Monster or in which Monster-sponsored athletes competed, including, but not limited to, the Baja 500, Baja 1000, Mint 400, the Silver State 300, the UTV World Championships, and the King of the Hammers.

45.    Without permission or consent from Monster, Defendants have sold and are offering for sale goods using trademarks and trade dress that are confusingly similar to one or more of the MONSTER Marks, the MONSTER Trade Dress, and the UNLEASH THE BEAST!® Mark.   Some examples of Defendants' products displaying the infringing marks are shown below:





46.    As shown above and on Defendants' websites, Defendants are using the MONSTER UP, MONSTER SEAL A FLAT, MONSTER SEAL, and  marks which are confusingly similar to Monster's MONSTER Marks, on and in connection with tire sealant.  Defendants are also using the mark UNLEASH THE BEAST on and in connection with tire sealant, which is identical to Monster's UNLEASH THE BEAST!® Mark.    In addition, Defendants predominantly use their marks in the color green and/or green and black on a black background, which is confusingly similar to the MONSTER Trade Dress.  Defendants use a shade of green that is almost identical to the green used by Monster.

47.    Defendants promote their MONSTER UP, MONSTER SEAL A FLAT, MONSTER SEAL, and UNLEASH THE BEAST marks (collectively, "Defendants' Marks") through the sponsorship of athletes that compete in Monster-sponsored events, or alongside Monster-sponsored athletes. Some of Defendants' sponsored athletes drive vehicles that are wrapped in black and green and prominently feature Defendants' Marks.  Examples of vehicles displaying Defendants' Marks are shown below:



48.    Defendants have further attempted to falsely associate themselves with Monster and create a likelihood of confusion by displaying photographs of Monster-sponsored events, and Monster-sponsored athletes on their social media pages, and marketing materials.  Examples of Defendants' display of the MONSTER Marks and MONSTER Trade Dress are shown below:

-26-

1
2
3
4
5
6
7
8
9
10
11



12
13
14
15
16
17
18
19
20
21
22
23
24
25
26



/ / /

27
28

The following are close-up images of the photographs of motorbikes in Defendants' flyer shown directly above:





49.    On July 21, 2010, Defendant William Martin filed a trademark application for MONSTER SEAL A FLAT for "tire sealing compounds" in International Class 1, which issued as U.S. Registration No. 4,109,652 on March 6, 2012.

50.    On February 23, 2011, Defendant William Martin filed a trademark application for MONSTER UP for "tire sealing compounds" in International Class 1, which issued as U.S. Registration No. 4,258,301 on  December 11, 2012.

51.    On February 23, 2011, Defendant William Martin filed a trademark application for UNLEASH THE BEAST for "tire sealing compounds" in International Class 1, which issued as U.S. Registration No. 4,206,910 on September 11, 2012.

52.    Upon information and belief, Defendants were aware of Monster, the MONSTER Marks, the MONSTER Trade Dress, and the UNLEASH THE BEAST!® Mark when Defendants commenced their infringing activities. Moreover, Defendants have been aware of the MONSTER Marks, MONSTER Trade Dress and UNLEASH THE BEAST!® Mark since at least as early as July 31, 2014 when Monster sent the first of several cease and desist letters to Defendants regarding their infringing use of the MONSTER UP, MONSTER SEAL A FLAT, MONSTER SEAL, , and UNLEASH THE BEAST marks.

53.    On October 20, 2016, Monster filed Cancellation No. 92064687 in the United States Patent and Trademark Office's Trademark Trial and Appeal Board ("TTAB") against Defendant William Martin's U.S. Trademark Registration No. 4,206,910 for the UNLEASH THE BEAST mark in connection with "tire sealing compounds" in International Class 1.

54.     On October 20, 2016, Monster filed Cancellation No. 92064681 in the TTAB against Defendant William Martin's U.S. Trademark Registration No. 4,258,301 for the MONSTER UP mark in connection with "tire sealing compounds" in International Class 1.

55.     On October 20, 2016, Monster filed Cancellation No. 92064649 in the TTAB against Defendant William Martin's U.S. Trademark Registration No. 4,109,652 for the MONSTER SEAL A FLAT mark in connection with "tire sealing compounds" in International Class 1.

56.     The cancellation proceedings identified in paragraphs 53-55 were consolidated by the TTAB.

57.     Without permission or consent from Monster, Defendants have infringed Monster's MONSTER Marks, MONSTER Trade Dress, and UNLEASH THE BEAST!® Mark in interstate commerce by making, using, promoting, advertising, selling, and/or offering to sell products using marks, including the MONSTER UP, MONSTER SEAL A FLAT, MONSTER SEAL, , and UNLEASH THE BEAST marks, and packaging that is confusingly similar to the MONSTER Trade Dress.

58.     Upon information and belief, Defendants' actions alleged herein are intended to cause confusion, mistake, or deception as to the source of Defendants' products and are intended to cause consumers and potential customers to believe that Defendants' business and the goods that they offer are associated with Monster or Monster's MONSTER family of products or services, when they are not.

59.     Indeed, Defendants have a duty to avoid confusion with Monster, the MONSTER Marks, the UNLEASH THE BEAST!® Mark, and the MONSTER Trade Dress because Defendants entered the market after Monster. Nevertheless, Defendants have purposely sold, promoted, marketed, and/or

distributed its products in a manner that causes a likelihood of confusion with Monster, the MONSTER Marks, the UNLEASH THE BEAST!® Mark, and the MONSTER Trade Dress.

60.    In addition, Defendants continued to use the MONSTER UP, MONSTER SEAL A FLAT, MONSTER SEAL,  and UNLEASH THE BEAST marks along with the color combination green and black despite receiving a cease and desist letter from counsel for Monster on July 31, 2014.

61.    By virtue of the acts complained of herein, Defendants have created a likelihood of injury to Monster's business reputation and goodwill, caused a likelihood of consumer confusion, mistake, and deception as to the source of origin or relationship of Monster's goods and services and Defendants' products, and have otherwise competed unfairly with Monster by unlawfully trading on and using Monster's MONSTER Marks, MONSTER Trade Dress, and UNLEASH THE BEAST!® Mark without Monster's permission or consent.

62.    Upon information and belief, Defendants' acts complained of herein are willful and deliberate.

63.    Defendants' acts complained of herein have caused damage to Monster in an amount to be determined at trial, and such damages will continue to increase unless Defendants are enjoined from their wrongful acts and infringement.

64.    Defendants' acts complained of herein have caused Monster to suffer irreparable injury to its business.  Monster will suffer substantial loss of goodwill and reputation unless and until Defendants are preliminarily and permanently enjoined from the wrongful acts complained of herein.

/ / /

/ / /

## IV.  FIRST CLAIM FOR RELIEF

### (Trademark Infringement, Trade Dress Infringement, and False Designation of Origin Under 15 U.S.C. § 1125(a))

65.   Monster hereby repeats, realleges, and incorporates by reference paragraphs 1-64 of this Complaint as though fully set forth herein.

66.   This is an action for trademark infringement, trade dress infringement, and false designation of origin arising under 15 U.S.C. § 1125(a).

67.   As a result of the widespread use and promotion of Monster's MONSTER Marks, MONSTER Trade Dress, and UNLEASH THE BEAST!® Mark, the marks and trade dress have acquired strong fame and secondary meaning to consumers and potential customers, in that consumers and potential customers have come to associate the MONSTER Marks, MONSTER Trade Dress, and UNLEASH THE BEAST!® Mark with Monster.

68.   Defendants have infringed the MONSTER Marks, MONSTER Trade Dress, and UNLEASH THE BEAST!® Mark, and created a false designation of origin, by using in commerce, without Monster's permission, the confusingly similar MONSTER UP, MONSTER SEAL A FLAT, MONSTER SEAL, , and UNLEASH THE BEAST marks in green and black in connection with the advertisement, offering for sale, and/or sale of Defendants' products.

69.   Defendants' actions are likely to cause confusion and mistake, or to deceive as to the affiliation, connection, or association of Monster with Defendants, and/or as to the origin, sponsorship, or approval of Defendants' products or Defendants' commercial activities, in violation of 15 U.S.C. § 1125(a).

70.   Upon information and belief, Defendants did so with the intent to trade upon Monster's reputation and goodwill by causing confusion and mistake

among customers and the public and to deceive the public into believing that Defendants' products are associated with, sponsored by or approved by Monster, when they are not.

71.   Upon information and belief, Defendants had actual knowledge of Monster's ownership and prior use of the MONSTER Marks, MONSTER Trade Dress, and UNLEASH THE BEAST!® Mark, and without the consent of Monster, willfully violated 15 U.S.C. § 1125(a).

72.   Defendants, by their actions, have damaged Monster in an amount to be determined at trial.

73.   Defendants, by their actions, have irreparably injured Monster. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

## V.   SECOND CLAIM FOR RELIEF

### (Trademark Infringement Under 15 U.S.C. § 1114)

74.   Monster hereby repeats, realleges, and incorporates by reference paragraphs 1-73 of this Complaint as though fully set forth herein.

75.   This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

76.   Monster owns valid and enforceable federally registered trademarks for the MONSTER Marks and UNLEASH THE BEAST!® Mark, including at least the registrations listed in paragraph 14 above.

77.   Defendants have used in commerce, without permission from Monster, colorable imitations, and/or confusingly similar marks to Monster's MONSTER Marks that are the subject of at least Monster's U.S. Trademark Registration Nos. 4,721,433, 3,908,601, 3,914,828, 3,923,683, 3,908,600, 4,332,062, and 4,660,598 in connection with the advertising, marketing, and/or

promoting of Defendants' products. Such use is likely to cause confusion or mistake, or to deceive.

78. Defendants have used in commerce, without permission from Monster, a colorable imitation, and/or confusingly similar mark to Monster's UNLEASH THE BEAST!® Mark that is the subject of at least Monster's U.S. Trademark Registration No. 4,975,822 in connection with the advertising, marketing, and/or promoting of Defendants' products. Such use is likely to cause confusion or mistake, or to deceive.

79. Upon information and belief, the activities of Defendants complained of herein constitute willful and intentional infringements of Monster's registered marks, and Defendants did so with the intent to trade upon Monster's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendants' products are associated with, sponsored by, originated from, or are approved by, Monster, when they are not.

80. Upon information and belief, Defendants had actual knowledge of Monster's ownership and prior use of the MONSTER Marks and UNLEASH THE BEAST!® Mark, and have willfully violated 15 U.S.C. § 1114.

81. Defendants, by their actions, have damaged Monster in an amount to be determined at trial.

82. Defendants, by their actions, have irreparably injured Monster. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

## VI.  THIRD CLAIM FOR RELIEF

**(Petition for Cancellation of U.S. Trademark Registration Nos. 4,109,652, 4,258,301, and 4,206,910)**

83. Monster hereby repeats, realleges, and incorporates by reference

paragraphs 1-82 of this Complaint as though fully set forth herein.

84.     This is a claim for cancellation of Defendant William Martin's U.S. Trademark Registration Nos. 4,109,652, 4,258,301 and 4,206,910 under 15 U.S.C. § 1119.

85.     Since at least 2002, many years before the first use, filing and registration dates of U.S. Trademark Registration Nos. 4,109,652, 4,258,301 and 4,206,910, Monster has continuously used its MONSTER Marks and UNLEASH THE BEAST!® Mark in connection with its products and services. By virtue of Monster's continuous and substantial use and promotion of its MONSTER Marks and UNLEASH THE BEAST!® Mark, these marks have become strong identifiers of Monster and its products and services and distinguish Monster's products and services from those of others.  Monster has built up significant and valuable goodwill in its MONSTER Marks and UNLEASH THE BEAST!® Mark.   Monster relies on its U.S. Trademark Registrations for its MONSTER Marks and UNLEASH THE BEAST!® identified in Paragraph 14 above.

86.     Monster will be damaged by continued registration of Defendant William Martin's U.S. Registration Nos. 4,109,652, 4,258,301 and 4,206,910 in that the marks shown in these registrations are confusingly similar to Monster's MONSTER Marks and UNLEASH THE BEAST!® Mark.  Potential purchasers, upon seeing Defendant William Martin's marks shown in these registrations, are likely to mistakenly believe that such marks and goods identified in these registrations originated with or are connected or associated with, or sponsored, licensed or approved by Monster.  Thus, the registration and use of the marks shown in U.S. Registration Nos. 4,109,652, 4,258,301 and 4,206,910 in connection with the goods identified therein are likely to cause confusion, or to cause mistake or to deceive within the meaning of Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d).

87.     In view of Monster's prior rights in the MONSTER Marks and UNLEASH THE BEAST!® Mark, Defendant William Martin is not entitled to federal registration of the marks shown in U.S. Registration Nos. 4,109,652, 4,258,301 and 4,206,910, and these registrations should be cancelled.

## VII.  <u>FOURTH CLAIM FOR RELIEF</u>

### (Unfair Competition Under California Business & Professions Code §§ 17200 *et seq.*)

88.     Monster hereby repeats, realleges, and incorporates by reference paragraphs 1-87 of this Complaint as though fully set forth herein.

89.     This is an action for unfair competition under California Business & Professions Code §§ 17200, *et seq.*

90.     By virtue of the acts complained of herein, Defendants have intentionally caused a likelihood of confusion among consumers and the public and have unfairly competed in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

91.     Defendants' acts complained of herein constitute trademark infringement, trade dress infringement, unfair competition, and unlawful, unfair, malicious or fraudulent business practices, which have injured and damaged Monster.

92.     Defendants, by their actions, have irreparably injured Monster. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

## VIII.  <u>FIFTH CLAIM FOR RELIEF</u>

### (California Common Law Unfair Competition)

93.     Monster hereby repeats, realleges, and incorporates by reference paragraphs 1-92 of this Complaint as though fully set forth herein.

/ / /

94.     This is an action for unfair competition under the common law of the State of California.

95.     Defendants' acts complained of herein constitute trademark infringement and unfair competition under the common law of the State of California.

96.     By virtue of the acts complained of herein, Defendants have willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with Monster in violation of the common law of the State of California.

97.     Defendants' aforementioned acts have damaged Monster in an amount to be determined at trial.

98.     Defendants have irreparably injured Monster.  Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

99.     Defendants' willful acts of unfair competition under California common law constitute fraud, oppression and malice.  Accordingly, Monster is entitled to exemplary damages pursuant to Cal. Civ. Code Section § 3294(a).

## IX.  **PRAYER FOR RELIEF**

WHEREFORE, Monster prays for judgment against Defendants as follows:

1.     That the Court render a final judgment in favor of Monster and against Defendants on all claims for relief alleged herein;

2.     That the Court render a final judgment that Defendants have violated the provisions of 15 U.S.C. § 1125(a) by willfully infringing the MONSTER Marks, MONSTER Trade Dress, and UNLEASH THE BEAST!® Mark by using a false designation of origin, through the marketing, sale and promotion of Defendants' products;

3.     That the Court render a final judgment that Defendants have willfully violated the provisions of 15 U.S.C. § 1114 by infringing Monster's trademark rights in at least the marks that are the subject of U.S. Trademark Registration Nos. 4,721,433, 3,908,601, 3,914,828, 3,923,683, 3,908,600, 4,332,062, 4,660,598, and 4,975,822;

4.     That the Court direct the United States Patent and Trademark Office to cancel U.S. Trademark Registration Nos. 4,258,301, 4,206,910, and 4,109,652;

5.     That the Court render a final judgment declaring that Defendants have violated California Business and Professions Code §§ 17200, *et seq.* by committing trademark infringement, trade dress infringement and unfairly competing with Monster;

6.     That the Court render a final judgment declaring Defendants have violated California common law by unfairly competing with Monster;

7.     That Defendants, their agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

a.     using the marks MONSTER UP, MONSTER SEAL A FLAT, MONSTER SEAL, , and UNLEASH THE BEAST in connection with the advertising, promotion, or sale of tire sealant and related goods, using any of the MONSTER Marks, BEAST-inclusive Marks, or MONSTER Trade Dress, in connection with Defendants' products, using any of the MONSTER Marks, BEAST-inclusive Marks, or MONSTER Trade Dress in advertising or promoting Defendants' products, and/or using confusingly similar variations of any of the MONSTER Marks, BEAST-inclusive Marks, or MONSTER Trade Dress

in any manner that is likely to create the impression that Defendants' products originate from Monster, are endorsed by Monster, or are connected in any way with Monster;

b.      manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any unauthorized products bearing any of the MONSTER Marks, BEAST-inclusive Marks, or MONSTER Trade Dress, and/or any confusingly similar marks or trade dress;

c.      filing any applications for registration of any trademarks, trade dress, or designs confusingly similar to the MONSTER Marks, BEAST-inclusive Marks, or MONSTER Trade Dress;

d.      otherwise infringing any of the MONSTER Marks, BEAST-inclusive Marks, or any of Monster's other trademarks, or Monster's MONSTER Trade Dress;

e.      falsely designating the origin of Defendants' products;

f.      unfairly competing with Monster in any manner whatsoever; and

g.      causing a likelihood of confusion or injury to Monster's business reputation;

8.      That Defendants be directed to file with this Court and serve on Monster within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which they have complied with the injunction pursuant to 15 U.S.C. § 1116;

9.      That Defendants be required to account to Monster for any and all profits derived by Defendants and all damages sustained by Monster by virtue of Defendants' acts complained of herein;

10.    That Defendants be ordered to pay over to Monster all damages which Monster has sustained as a consequence of the acts complained of herein, subject to proof at trial, together with prejudgment and post-judgment interest;

11.    That this case be deemed exceptional and the amount of the damages be trebled and that the amount of profits be increased by as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117;

12.    That Monster be awarded exemplary damages from Defendants pursuant to Cal. Civ. Code. § 3294;

13.    That Defendants' actions be deemed willful;

14.    That an award of reasonable costs, expenses, and attorneys' fees be awarded to Monster pursuant to at least 15 U.S.C. § 1117;

15.    That Defendants be required to deliver and destroy all devices, literature, advertising, goods and other unauthorized materials bearing the MONSTER UP, MONSTER SEAL A FLAT, MONSTER SEAL, , and UNLEASH THE BEAST marks, any of the MONSTER Marks or BEAST-inclusive Marks, or any confusingly similar marks, pursuant to 15 U.S.C. § 1118;

16.    That Monster be awarded restitution and disgorgement; and

/ / /

1    17.    That Monster be awarded such other and further relief as this Court

2 may deem just.

3                                  Respectfully submitted,

4                                  KNOBBE, MARTENS, OLSON & BEAR, LLP

5

6

7 Dated:  August 18, 2017        By:  */s/ Lynda J. Zadra-Symes*

8                                        Steven J. Nataupsky
                                        Lynda J. Zadra-Symes
9                                        Jason A. Champion
                                        Nicole R. Townes
10                                       Jacob R. Rosenbaum

11
                                        Attorneys for Plaintiff,
12                                       MONSTER ENERGY COMPANY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# X.  DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Monster Energy Company hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated:  August 18, 2017         By: */s/ Lynda J. Zadra-Symes*
                                    Steven J. Nataupsky
                                    Lynda J. Zadra-Symes
                                    Jason A. Champion
                                    Nicole R. Townes
                                    Jacob R. Rosenbaum

                                    Attorneys for Plaintiff,
                                    MONSTER ENERGY COMPANY

26411761

-42-